492 A.2d 1151

**COMMONWEALTH of Pennsylvania**

v.

**Raymond Earl WAY, Appellant (Two Cases).**

Superior Court of Pennsylvania.

Argued March 18, 1985.

Filed May 17, 1985.

342

Theodore Simon, Philadelphia, for appellant.

Charles Gutherie, Assistant District Attorney, Reading, for Com., appellee.

Before OLSZEWSKI, MONTGOMERY and LEDERER *, JJ.

OLSZEWSKI, Judge:

Appellant challenges the order entered December 30, 1983 and the judgment of sentence entered November 30, 1983. By this appeal, he seeks to withdraw pleas of guilty entered on counts of possession with intent to deliver marijuana, hashish and methamphetamine. Appellant argues that the pleas are the poisoned fruit of an illegal search. The matter comes before us couched as a question of assistance of counsel. Appellant asks us to decide that he was denied effective assistance by trial counsel's failure to move for suppression of physical evidence obtained in that allegedly illegal search. For the reasons below we agree. We therefore vacate the judgment of sentence and reverse the order denying appellant's motion to withdraw his guilty pleas.

* Judge William J. Lederer, Senior Judge, of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.

344

The facts of this case are succinctly stated in the lower court's opinion:

On August 12, 1982, Pennsylvania State Trooper Richard Rabb purchased methamphetamine from Rebecca Missimer and David Rhoads near the Boyertown dam in Berks County, Pennsylvania. At 5:00 P.M. on August 25, 1982, in New Berlinville, Berks County, Pennsylvania, Rabb gave $170.00 in marked currency to Missimer and Rhoads for the purpose of having Missimer and Rhoads procure methamphetamine for Rabb, at that time agreeing to meet later in the day. This meeting was surveilled by a Sergeant Ziegler and a Trooper Makos. After the meeting ended, Ziegler and Makos followed Rebecca Missimer, who was driving a beige Volkswagen, to the intersection of Douglass Road and Pennsylvania Route 562 in Douglass Township, Berks County, Pennsylvania. There Missimer drove onto the roadside and parked. Shortly thereafter a blue van registered to defendant Raymond Way pulled beside the beige Volkswagen in which Missimer was sitting. Forty-five minutes later the two vehicles parted with Trooper Makos following the blue van a short distance to a residence at the corner of Douglass Road and Glendale Road in Douglass Township, Berks County, Pennsylvania.

Later at 8:05 P.M. on August 25, 1982, Rabb again met with Rhoads and Missimer for the purpose of receiving the methamphetamine for which he had earlier paid. Once delivery of the methamphetamine occurred, Ziegler and Makos, who had since resumed surveillance, arrested Rhoads and Missimer, while Rabb through field testing determined the delivered goods to be methamphetamine. Rhoads and Missimer were then taken to the Colebrookdale Township Municipal Building and given their *Miranda* rights. Afterwards Missimer related obtaining methamphetamine from defendant Way on a number of occasions in the past, further explaining that the methamphetamine which had just been received by Rabb was provided by defendant. Upon receiving this information,

Makos determined by contacting Douglass Township Police that Raymond Way's residence was situated where Makos observed the blue van returning after the rendezvous with Missimer.

The issue was preserved for appeal by counsel representing appellant after entry of his guilty pleas. That counsel, citing trial counsel's ineffectiveness, filed a petition to withdraw appellant's pleas. *See Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975) (trial counsel's ineffectiveness must be raised at earliest opportunity where defendant is not represented by same counsel).

To reach the question of effectiveness, we must first determine whether the physical evidence was seized in violation of appellant's rights under the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution. Appellant contends that the search was conducted pursuant to an invalid warrant. Specifically, he alleges that there were "insufficient facts within the affidavit to believe that contraband was located on the premises to be searched."

The probable cause portion of the affidavit provided: At approximately 1705 hrs., this affiant did observe Tpr. Raab drive away from the alley-way behind said residence. A short time later this affiant observed Rebecca Missimer drive away from the alley-way in a beige VW, Pa. Reg # EBB–671. At this time this affiant and Sgt. Ziegler followed the VW west on PA 562. At the intersection of PA 562 and Douglas Rd. the VW vehicle turned left onto Douglas Rd. and pulled off the roadway approximately 200 yards south of PA 562. Approximately 5 minutes later a blue van, PA Reg # CX–33612 arrived and pulled next to the VW. The blue van was operated by a white male with glasses. Both vehicles stayed at said location for approximately 45 minutes. At approximately 1750 hrs., the blue van drove south on Douglas Road and the VW drove West on PA 562. This affiant followed the blue van to the intersection of Douglas Rd. & Glendale

Rd. where subject pulled into a driveway located on the north East corner of Douglas & Glendale Rd.

A registration check with the Bureau of Motor Vehicles indicates that the blue van with PA Reg # CY–33612 is registered to Raymond Way, RD # 2 Boyertown, PA PO Box 520.

At this time, this affiant and Sgt. Ziegler drove to the Boyertown Water Dam located on Powder Mill Hollow Rd., in Earl Twp. Berks County, and did arrest Rebecca Missimer and David Rhoads at approximately 1815 hrs. for delivering approx. 2½ grams of methamphetamine Tpr. Richard Raab at said location. Said substance was field tested by Tpr. Raab and showed to be positive for methamphetamine.

Subjects Missimer and Rhoads were taken to the Cole-brookdale Twp. Municipal Bldg. and charged with violation of the Penna Drug Laws, Act # 64, section 13(a), Clause 16 & 30. After given their constitutional rights by this affiant, Rebecca Missimer stated that she has obtained methamphetamine from Raymond Way a number of occasions in the past and she did meet with Raymond Way this date as the surveillance by this affiant and Sgt. Ziegler indicate, and she did purchase the above mentioned methamphetamine from subject Way for $130.00. Subject Missimer did state that she would contact Way via telephone (215–3670372) and would meet at a pre-arranged location for the drug transaction. This affiant contacted Sgt. Randy Doaty of the Douglas Twp. police department and he advised this affiant that subject Raymond Way does in fact live at the intersection of Douglas Dr. and Glendale Rd., in Douglas Twp., Berks County.

■ "It is well settled that for a search warrant to be constitutionally valid, the issuing authority must decide that probable cause exists at the time of its issuance." *Commonwealth v. Stamps*, 493 Pa. 530, 535, 427 A.2d 141, 143 (1980). The determination of probable cause must be based on facts described within the four corners of the supporting

affidavit. *See Commonwealth v. Simmons*, 450 Pa. 624, 626, 301 A.2d 819, 820 (1973); Pa.R.Crim.P., Rule 2003(a), 42 Pa.C.S.A. Within the four corners of the affidavit, we fail to find sufficient facts to permit an issuing authority reasonably to conclude that there was contraband at the premises to be searched.

 The facts fairly summarized are that the informant arranged a drug transaction by phone. The alleged transaction occurred in a blue van along a country road. After the alleged transaction, police followed the blue van to a driveway of a property at the corner of Douglas Dr. and Glendale Rd. The informant identified appellant as the driver of the blue van. A police source told the affiant that appellant lived at the intersection of Douglas Dr. and Glendale Rd. The affidavit did not contain sufficient facts to believe that drugs would be found on the premises to be searched. Probable cause to believe that a man has committed a crime does not necessarily give rise to probable cause to search his home.

The instant case is controlled by this court's decision in *Commonwealth v. Kline*, 234 Pa.Super. 12, 335 A.2d 361 (1975). There Judge Spaeth, writing for the majority, affirmed an order suppressing evidence obtained pursuant to a search warrant. The court reasoned that, even though the affidavit contained facts sufficient to establish an individual was dealing in drugs, it failed to establish that the individual kept the drugs in his apartment. In *Kline*, the informants stated "they (had) asked him for some L.S.D. and he went to his apartment at 9th and Robinson and returned a few minutes later with two 'hits' of 'blotter acid' (L.S.D. on small pieces of paper)." 234 Pa.Super. at 14, 335 A.2d at 362. The *Kline* court considered that statement:

(A)s far as appears from the affidavit, none of the informants said where the L.S.D. was. The girls apparently concluded that it was in Arthur's apartment. However, an affidavit must set forth how information leading to such a conclusion was obtained. *Commonwealth v. Ambers*, 225 Pa.Super. 381, 310 A.2d 347 (1973); *Common-*

348

*wealth v. Soychak,* 221 Pa.Super. 458, 289 A.2d 119 (1972).

234 Pa.Super. at 17, 335 A.2d at 364. The Court continued: Probable cause to believe that a man has committed a crime on the street does not necessarily give rise to probable cause to search his home. Judge Hess stated the matter well in his memorandum opinion: "In our opinion an allegation based on an assumption or supposition not supported by the facts is insufficient to support (an inference of) criminal activity in a premises, in spite of the fact that there are plenty of allegations alleged to relate to criminal activity of the individual who is alleged to have lived in the premises."

*Id.* In the case at bar, the lack of a substantial nexus between the street crime and the premises to be searched renders the warrant facially invalid.

 We distinguish this case from *Commonwealth v. Frye,* 242 Pa.Super. 144, 363 A.2d 1201 (1976). In *Frye,* the confidential informant told police that he had seen Frye sell a kilo of marijuana to a third party. Frye had told the third party "if he needed anymore, to call him (Frye) after 10:30 P.M., 2–22–75 and no later than 1:30 A.M., 2–23–75 because this would be the best hours to catch him at home because he would be out taking care of business." *Id.*, 242 Pa.Superior Ct. at 146, 363 A.2d at 1203. The *Frye* court acknowledged *Kline* but distinguished it. Judge Cercone, for the majority wrote "the nexus between the evidence to be seized and the place to be searched was provided by Frye's admission that he was conducting at least part of his unlawful operations from his home." *Id.*, 242 Pa.Superior Ct. at 149, 363 A.2d at 1204. In the instant case, the mere recitation of a phone number ("215—3670372") absent even an averment to tie the number to the premises to be searched falls far short of the nexus required under *Kline* and *Frye.*

 The lower court conditioned withdrawal of the guilty pleas on a finding of no probable cause. Concluding that a clear nexus existed, that court denied appellant's motion to

withdraw his guilty pleas. For the reasons above, we find that the nexus was not established. The search conducted pursuant to an invalid warrant, we order the evidence seized as a result of the search suppressed. We vacate the judgment of sentence and allow appellant to withdraw his pleas. Case remanded for proceedings consistent with his opinion. Jurisdiction relinquished.