J-A17026-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KARLOSE BECKLES | |
| Appellant | No. 173 EDA 2013 |

Appeal from the Order December 4, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0027695-2010

BEFORE: GANTMAN, P.J., PANELLA, J., and STABILE, J.

MEMORANDUM BY PANELLA, J. **FILED JANUARY 16, 2015**

Appellant, Karlose Beckles, appeals from the order entered December 4, 2012, in the Court of Common Pleas of Philadelphia County, which denied his petition for a writ of *certiorari* following his Municipal Court conviction of possession with intent to deliver ("PWID")[1] and possession of an instrument of crime ("PIC").[2] After review, we affirm.

The trial court set forth the uncontested facts of this case as follows.

On June 24, 2010, John Davis and Sultan Taylor went to Philadelphia Northeast Detective Division headquarters claiming they had just been threatened by [Beckles]. The men stated that [Beckles] approached them [in the area of 7100 Frankford Avenue] and demanded money while pointing a silver handgun. Taylor admitted to the police that he used to sell drugs for

---

[1] 35 P.S. § 780-113(a)(30).
[2] 18 Pa.C.S.A. § 907(a).

[Beckles], and still owed [Beckles] approximately fifteen thousand dollars. Taylor stated that Davis fled the area and [Beckles] showed Taylor a black AK-47 rifle in the trunk of a cream[-]colored Cadillac Escalade. Taylor then fled, but was followed by [Beckles] and was threatened again in a second location. Taylor was again able to leave [Beckles's] presence, and brought himself to the police.

In a separate interview, Davis stated that while he did not know [Beckles], he recognized him from seeing pictures of [Beckles] and Taylor. Davis verified much of Taylor's account of the first encounter with [Beckles] … [and] Taylor identified [Beckles] from a photo array. Based upon this information, police arrested [Beckles] at his home where his cream-colored Cadillac Escalade was found parked.

Trial Court Opinion, 8/29/13 at 2-3. Based upon the information provided to the police by Davis and Taylor, a search warrant was authorized for "firearms, ammunition, and any other firearms related items" at Beckles's residence located at 136 Stratford Drive, Philadelphia, PA 19115. Following a search of the residence, police recovered approximately eight pounds of marijuana, drug paraphernalia, and two firearms.

In the Philadelphia Municipal Court, Beckles moved to suppress physical evidence. The Municipal Court granted Beckles's motion on April 14, 2011. The Commonwealth appealed the Municipal Court's order and on January 4, 2012, the Court of Common Pleas reversed the suppression order and remanded the case to the Municipal Court for trial. On May 16, 2012, the Municipal Court convicted Beckles of PWID and PIC, and thereafter sentenced Beckles to time served to 23 months' imprisonment, to be followed by two years' probation. On June 15, 2012, Beckles filed a petition

for writ of *certiorari* to the Court of Common Pleas. On December 4, 2012, the court denied Beckles's petition. This timely appeal followed.

On appeal, Beckles raises the following issues for our review.

I.   Did the lower court err in denying Appellant's motion to suppress evidence recovered from his home where the warrant authorizing the search failed to establish there was probable cause to believe contraband would be discovered on the premises?

II.  Did the lower court err in denying Appellant's motion to suppress evidence recovered from his home where the warrant was invalid for the additional reason that the affiant failed to set forth any information regarding the veracity of the witness and, therefore, the issuing magistrate lacked sufficient information with which to make a finding of probable cause?

Appellant's Brief at 4 (unnecessary capitalization omitted).

We review the denial of a motion to suppress physical evidence as follows.

> Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct.
>
> [W]e may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the court erred in reaching its legal conclusions based upon the facts.
>
> Further, [i]t is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given their testimony.

- 3 -

***Commonwealth v. Houck***, ___ A.3d ___, ___, 2014 WL 4783552 at *10 (Pa. Super., filed Sept. 26, 2014) (internal citations and quotations omitted).

Instantly, Beckles argues that the four corners of the search warrant failed to establish probable cause that contraband would be discovered in his residence. Appellant's Brief at 13. We disagree.

> Under the federal and state constitutional prohibitions of unreasonable searches and seizures, both the United States Supreme Court and this Court have consistently held that, subject to certain exceptions, a search is constitutionally invalid unless it is conducted pursuant to a warrant issued by a neutral and detached magistrate and supported by probable cause. Probable cause exists where, based upon a totality of the circumstances set forth in the affidavit of probable cause, including the reliability and veracity of hearsay statements included therein, there is a fair probability that ... evidence of a crime will be found in a particular place. In reviewing an issuing authority's decision to issue a warrant, a suppression court must affirm unless the issuing authority had no substantial basis for its decision.

***Commonwealth v. Lyons***, 79 A.3d 1053, 1063-1064 (Pa. 2013) (internal quotes and citations omitted).

Pennsylvania Rule of Criminal Procedure 203, **Requirements for Issuance**, provides in part:

> (B) No search warrant shall issue but upon probable cause supported by one or more affidavits sworn to before the issuing authority in person or using advanced communication technology. The issuing authority, in determining whether probable cause has been established, may not consider any evidence outside the affidavits.

Pa.R.Crim.P. 203(B).

In its opinion denying Beckles's petition for writ of *certiorari*, the trial court found that the affidavit in the instant case "established a *fair probability* that weapons would be stored inside of [Beckles's] residence." Trial Court Opinion, 8/29/13 at 6. The court determined that it was "reasonable for the magistrate to believe that the weapons could be removed from [Beckles's] home and transported by [Beckles] during his travels and stored within the home upon his return." *Id*. Thus, the court concluded that there was sufficient evidence to authorize a search of Beckles's home for the firearms used to threaten Taylor and Davis. *See id*.

Beckles counters that "the affidavit contained no factual information whatsoever that would have allowed the magistrate to conclude that there was a fair probability weapons would be found in [Beckles's] home." Appellant's Brief at 13. Beckles further posits that "[w]here, as here, there is no nexus between the alleged criminal activity and the place to be searched, probable cause is lacking and the warrant is invalid." *Id*. at 12.

In support of his argument, Beckles relies upon this Court's decision in **Commonwealth v. Way**, 492 A.2d 1151 (Pa. Super. 1985). In **Way**, a panel of this Court vacated Way's conviction for PWID because the evidence supporting the conviction should have been suppressed. The underlying facts of **Way** establish that a confidential informant arranged to purchase drugs from Way over the telephone. *See id*. at 1155. The transaction occurred in a blue van parked along a country road. *See id*. After the transaction, police followed the van to the driveway of residential building,

where the informant identified Way as the driver of the van and informed police that Way lived at the residence where the van was parked. *See id*. The informant additionally told police that she had purchased methamphetamine from Way in the past and provided police with a telephone number she used to contact Way to arrange a location for the drug transaction. *See id*. at 1153. On the basis of this information, police obtained a search warrant for Way's residence where they recovered narcotics.

In vacating Way's judgment of sentence, the panel found that the affidavit did not contain sufficient facts to believe that drugs would be found in Way's residence. Specifically, the panel determined that the lack of a substantial nexus between the street crime and the premises to be searched rendered the warrant facially invalid. As they explained:

> Probable cause to believe that a man has committed a crime on the street does not necessarily give rise to probable cause to search his home. … In our opinion an allegation based on an assumption or supposition not supported by the facts is insufficient to support (an inference of) criminal activity in a premises, in spite of the fact that there are plenty of allegations alleged to relate to criminal activity of the individual who is alleged to have lived in the premises.

*Id*. at 1154 (quoting ***Commonwealth v. Kline***, 335 A.2d 361, 364 (Pa. Super. 1975)).

Our analysis of ***Way*** does not dictate a different result. In ***Way***, the affidavit of probable cause stated that the appellant sold drugs out of a van, which was later found parked in front of his home. There was no reason to

believe, however, that the appellant kept drugs anywhere except inside the van. In the present case, two eyewitnesses reported that Beckles threatened them with a handgun he had been observed carrying on his person. The gun was not recovered when Beckles was arrested in front of his home one day after he committed the crime. The police arrested Beckles in front of his residence only one day after the incident. The police recovered no weapon from Beckles's person at the time of the arrest. Thus, the handgun was at large. Under these circumstances, the court reasonably concluded there was a fair probability the gun was inside Beckles's residence. *See*, *e.g.*, *Commonwealth v. Hutchinson*, 434 A.2d 740 (Pa. Super. 1981) (holding search warrant for appellant's home was supported by probable cause, where appellant robbed medical center at gunpoint; victims identified appellant as perpetrator; and items seized—shirt and gun—were each of type reasonably likely to be found in perpetrator's home, especially given short period of time between commission of crime and application for search warrant); *Commonwealth v. Davis*, 351 A.2d 642 (Pa. Super. 1976) (holding search warrant for appellant's two apartments and two cars for gun used in robbery was supported by probable cause, where victim identified appellant as assailant from photo array; police determined appellant resided in both apartments and had access to both cars; and magistrate was informed of appellant's probable participation in robbery and of instrumentalities used). The possibility that Beckles also kept an AK-47 inside his vehicle does not alter our conclusion. *See Commonwealth v.*

*Luton*, 672 A.2d 819, 822 (Pa. Super. 1996) ("[T]he law does not require that the information in a warrant affidavit establish with absolute certainty that the object of the search will be found at the stated location, nor does it demand that the affidavit information preclude all possibility that the sought after article is not secreted in another location.").

Based on the foregoing, we find the search warrant contained sufficient facts to support the conclusion that the firearm Beckles used to threaten the two witnesses would be discovered in Beckles's residence, such that the denial of the suppression motion was proper. Accordingly, we affirm the trial court's order denying *certiorari*.

Lastly, Beckles argues that the search warrant was invalid for the additional reason that the affiant failed to set forth any information regarding the veracity of the witnesses. We note that in *Lyons*, *supra*, the Pennsylvania Supreme Court expressly rejected the argument that an affiant, in the affidavit of probable cause, was required to aver facts demonstrating the informant's credibility and reliability. *See* 79 A.3d at 1064-1065. This issue does not merit relief.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/16/2015