J-A14023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JERMAINE K. WEEKS | |
| Appellant | No. 1804 MDA 2014 |

Appeal from the PCRA Order September 26, 2014
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0001408-2009

BEFORE:  BENDER, P.J.E., JENKINS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY JENKINS, J.:                    **FILED MAY 18, 2015**

Appellant Jermaine K. Weeks appeals from the order of the Lycoming County Court of Common Pleas dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541, *et seq*.  We affirm.

On August 16, 2009, the Williamsport Bureau of Police submitted an application for a warrant to search Appellant's residence.  The affidavit of probable cause submitted in support thereof stated:

> On Sunday August 16th, 2009 at approximately 0219 hours, units from the Williamsport Bureau of Police responded to the 700 block of West Edwin Street for report of four shots fired. Shortly after dispatch LCCC advised that there were more shots fired in the same area.
>
> Police arrived on [the] scene [and] discovered that there were six shell casings in the street in the 700 block of

---

[*] Retired Senior Judge assigned to the Superior Court.

West Edwin Street and two more discovered just around the corner in the 300 block of Mifflin Place. Contact was made with one of the reporting persons, a Shakeema Shuler of 753 West Edwin Street. She stated that she and [Appellant] had been arguing at her residence. She stated that as [Appellant] was leaving [] he pulled up his shirt and grabbed a pistol that was in his waistband. [Appellant] pulled the gun out of the waistband a little and then pushed it back in his waistband.

Shuler stated that she closed her door and about three seconds later she heard three or four shots just outside her door and observed flashes through her windows. A few moments later she heard three or four more shots and saw more flashes, this time coming from the west of her front door. Shuler stated that she could see the flashes coming through her son[']s bedroom window to the west, facing Mifflin Place.

Another witness stated that he was in the area of the 700 block of West Fourth Street when he heard four shots to his north, near the 700 block of West Edwin Street. A few moments later he observe[d] a black male matching [Appellant's] description walk from Mifflin Place and get into a burgundy sedan and leave the area. This witness stated that he saw no other vehicular or pedestrian traffic in the area.

A total of eight spent shell casings were discovered in the 700 block of West Edwin Street and the 300 block of Mifflin Place.

A check of [Appellant's] criminal history shows that he was found guilty of Title 18 Section 3701 — Robbery on 09/22/1997, thereby making him a Person Not To Possess a Firearm as enumerated in 6105 of Title 18.

I ask that a search warrant for [Appellant's] residence be issued so that any fruits of said crime be recovered as evidence. Due to the fact of the weapon being involved and to the fact of the suspect[']s apparent state of mind, as evidenced by the total number of shots being fired, [I] ask that a [nighttime] search warrant be issued for the suspect[']s residence.

- 2 -

Affidavit of Probable Cause, dated 8/16/2009. Based on this affidavit of probable cause, Magisterial District Judge Carn granted the search warrant application on August 16, 2009 at 5:50 a.m.[1] Opinion, 7/28/2014, at 2. Police executed the search warrant at 5:59 a.m., and found a rifle in Appellant's residence. *Id.* at 2.

The trial court set forth the following procedural history:

> [Appellant] was charged with two counts of Possession of a Firearm by a Prohibited Person.[1] Following the preliminary hearing, one count was dismissed, and the other count was held for trial.
>
> [1] 18 Pa.C.S. § 6105(a)(1).
>
> On November 17, 2009, trial counsel filed a motion to suppress the rifle found in [Appellant's] apartment. During the hearing on the motion, trial counsel argued that police entered [Appellant's] residence before the warrant was obtained. Trial counsel also argued that police had entered the residence during nighttime even though the warrant was to be served only between the hours of 6 A.M. and 10 P.M. Following the hearing, the Honorable Marc Lovecchio found that MDJ Carn inadvertently checked the wrong box on the search warrant and intended to indicate that the warrant could be served any time day or night. In addition, Judge Lovecchio found that the search warrant was issued at 5:50 A.M. and execution of the warrant began at 5:59 A.M. Judge Lovecchio determined that [Appellant] was not entitled to the suppression of the rifle because a technical or procedural violation does not justify exclusion of the evidence. *See* Order, February 2, 2010.

---

[1] The magisterial judge checked the box indicating the "[w]arrant shall be served as soon as practicable and shall be served only between the hours of 6AM and 10PM but in no event later than 5:50 A.M. . . . August 18, 2009." Application for Search Warrant and Authorization.

On October 19, 2010, a jury found [Appellant] guilty of Possession of a Firearm by a Prohibited Person. On March 8, 2011, this [c]ourt sentenced [Appellant] to a prison term of five to ten years. [Appellant] appealed the judgment of sentence. The Superior Court denied the appeal on May 25, 2012. On January 14, 2013, [Appellant] filed a PCRA petition, in which he requested reinstatement of his right to petition for allowance of appeal to the Supreme Court of Pennsylvania. On April 16, 2013, this [c]ourt reinstated [Appellant's] right to petition for allowance of Appeal to the Supreme Court. On October 29, 2013, the Supreme Court of Pennsylvania denied [Appellant's] petition for allowance of appeal.

Opinion, 7/30/2014, at 1-3.

On March 5, 2014, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended PCRA petition. On July 28, 2014, the PCRA court issued its notice of intent to dismiss the PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. Appellant filed *pro se* objections to this notice. On September 26, 2014, the PCRA court dismissed the petition.

Appellant raises the following issue on appeal:

Whether the trial court erred in denying Appellant's PCRA petition where Appellant's trial counsel was ineffective because she failed to move for suppression of the firearm located in Appellant's residence on grounds that police did not have probable cause to search Appellant's home?

Appellant's Brief at 7. Appellant argues his trial counsel was ineffective for failing to file a suppression motion. Because claims of ineffective assistance of counsel are cognizable under the PCRA, we will address the merits of his claim. **See** 42 Pa.C.S. § 9543(a)(2)(ii).

- 4 -

Our standard of review from the denial of post-conviction relief "is limited to examining whether the court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Ousley***, 21 A.3d 1238 (Pa.Super.2011) (citing ***Commonwealth v. Morales***, 701 A.2d 516, 520 (Pa.1997)).

For ineffective assistance of counsel claims, the petitioner must establish: "(1) that the underlying claim has merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors or omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." ***Ousley***, 21 A.3d at 1244 (quoting ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa.Super.2010)). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." ***Id.*** "The failure to prove any one of the three [ineffectiveness] prongs results in the failure of petitioner's claim." ***Id.*** (quoting ***Rivera***, 10 A.3d at 1279).

Appellant alleges trial counsel was ineffective for failing to file a motion to suppress arguing the police lacked probable cause to search for a firearm in his residence because the affidavit of probable cause failed to establish a nexus between the crime and his residence. Appellant's Brief at 14. This claim is meritless.

Article I, Section 8 of the Pennsylvania Constitution and the Fourth Amendment of the United States Constitution require that a search warrant be supported by probable cause. ***Commonwealth v. Jones***, 988 A.2d

- 5 -

649, 655 (Pa.2010). "Probable cause exists where the facts and circumstances within the affiant's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that a search should be conducted." *Id.* (quoting **Commonwealth v. Thomas**, 292 A.2d 352, 357 (Pa.1972)). Both the Supreme Court of the United States and our Supreme Court apply a totality of the circumstances test to determine whether probable cause exists. *Id.* Pursuant to this test:

> [T]he task of an issuing authority is simply to make a practical, common-sense decision whether, given all of the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. . . .

*Id.* (quoting **Commonwealth v. Torres**, 764 A.2d 532, 537 (Pa.2001)). The affidavit in support of probable cause must set forth a substantial nexus between the crime and the place to be searched. **Commonwealth v. Way**, 492 A.2d 1151, 1154 (Pa.Super.1985).

A court reviewing an issuing authority's probable cause determination must:

> [E]nsure that the magistrate had a substantial basis for concluding that probable cause existed. In so doing, the reviewing court must accord deference to the issuing authority's probable cause determination, and must view the information offered to establish probable cause in a common-sense, non-technical manner.

*Jones*, 988 A.2d at 655 (quoting *Torres*, 764 A.2d at 537-38). This Court does "not . . . conduct a *de novo* review of the issuing authority's probable cause determination, but . . . simply . . . determine[s] whether or not there is substantial evidence in the record supporting the decision to issue the warrant." *Id.* (quoting *Torres*, 764 A.2d at 540).

Appellant relies on *Commonwealth v. Kline*[2] and *Way*, to support his argument the affidavit lacked a substantial nexus between the alleged crime and the place to be searched, his residence. *Kline* and *Way* both addressed a suspected drug-dealer and found insufficient evidence of a connection between the illegal activity, selling drugs outside of the home, and the home itself to provide probable cause to support a search warrant for drug items in the defendant's residence. *Kline*, 335 A.2d at 364 (insufficient evidence to establish probable cause that fruits of crime would be found at residence where informants did not say where L.S.D. was located, affidavit merely had informants' conclusion it was in defendant's apartment, affidavit did not "set forth how information leading to such a conclusion was obtained," "[t]here is no indication of where the transaction took place, how long it took, how long [defendant] was gone, or what led the girls to conclude that he had gone to his apartment," and information did not corroborate conclusion that defendant "kept drugs in his apartment,

---

[2] *Commonwealth v. Kline*, 335 A.2d 361 (Pa.Super.1975).

even though it does tend to establish that [defendant] was a drug dealer"); **Way**, 492 A.2d at 1154 (no probable cause because affidavit did not contain sufficient facts to believe drugs would be found on premises to be searched where: "informant arranged a drug transaction by phone[; t]he alleged transaction occurred in a blue van along a country road[; a]fter the alleged transaction, police followed the blue van to a driveway of a property at the corner of Douglas [Drive] and Glendale [Road; t]he informant identified appellant as the driver of the blue van[; and a] police source told the affiant that appellant lived at the intersection of Douglas [Drive] and Glendale [Road]"); **see also Commonwealth v. Wallace**, 42 A.3d 1040 (Pa.2012) (no probable cause for anticipatory search warrant where confidential informant made no allegation drugs were being sold by "Greg" at Appellant's home, informant provided no factual details regarding location and time of any of "Greg's" prior cocaine sales, or his basis of knowledge for this information, averments did not establish "Greg" or anyone else was using his home for selling or storing drugs, police had not observed any criminal activity and were not informed of any prior criminal activity involving either appellant or location, and no facts in affidavit suggested confidential informant had purchased drugs from "Greg," or witnessed "Greg" selling drugs at "any location, let alone at Appellant's home").

In contrast, in **Commonwealth v. Hutchinson**,[3] this Court found the affidavit was supported by probable cause and sufficiently averred the fruits of the crime, robbery, would be found at the defendant's home where the affidavit stated that the defendant had been positively identified by two of the victims and "the items seized, a shirt and a gun, were each of a type reasonably likely to be found in the perpetrator's home, especially given the short period of time between the commission of the crimes and the application for the search warrant." 434 A.2d at 743.

The PCRA court found Appellant's claim lacked merit and counsel was not ineffective for failing to raise it. Opinion, 7/28/2014, at 8. The affidavit of probable cause establishes Ms. Shuler saw Appellant with a gun and immediately thereafter heard gunshots. There were additional eyewitnesses who saw a man fitting Appellant's description enter a burgundy sedan and leave the street. No other pedestrians or vehicles were in the area. Similar to **Hutchinson**, the item to be seized, a gun, was the type reasonably likely to be found in the perpetrator's home, especially as only four hours passed between the commission of the crime and the execution of the search.

The PCRA court's conclusions are supported by the record and free of legal error. **See Ousley**, 21 A.3d at 1244.[4]

_____

[3] 434 A.2d 740 (Pa.Super.1981).

[4] In his *pro se* response to the PCRA court's notice of intent to dismiss the PCRA petition, Appellant claimed the affidavit of probable cause contained
*(Footnote Continued Next Page)*

- 9 -

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/18/2015

---

*(Footnote Continued)*

false statements because Ms. Shuler gave false information to the police officers.  Petitioner's Supplemental Objection to Court's Intent To Dismiss, filed 8/14/2014, at 4.  He attached an affidavit signed by Ms. Shuler stating Appellant did not have a firearm on the night in question.  *Id.*, at Affidavit. This claim is waived because it is not contained in the statement of questions presented or argument sections of Appellant's appellate brief. Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."); ***Commonwealth v. Veon***, 109 A.3d 754, 774 (Pa.Super.2015) (claim waived where Appellant did not develop argument in support of issue). Further, the PCRA court correctly found the warrant was supported by probable cause even without Ms. Shuler's statement that Appellant had a gun.  Opinion, 9/26/2014, at 2.