J-A03003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| TRAVELLE JOHNSON | |
| Appellee | No. 907 MDA 2016 |

Appeal from the Order Entered May 6, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0000454-2016

BEFORE:  LAZARUS, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED AUGUST 02, 2017**

The Commonwealth of Pennsylvania appeals from the order, entered in the Court of Common Pleas of York County, granting Travelle Johnson's motion to suppress.[1]  After our review, we affirm.

The trial court set forth the facts of this case as follows:

On November 5, 2015, Trooper Jason Kaczor of the Pennsylvania State police was traveling northbound on Interstate 83 in York County when he observed [Johnson] traveling in the same direction.  Trooper Kaczor followed [Johnson] as he traveled from mile marker 9 to mile marker 14.  Trooper Kaczor initiated

---

[1] **See** Pa.R.A.P. 311(d) (Commonwealth may appeal as of right from order that does not end entire case where Commonwealth certifies in notice of appeal that order will terminate or substantially handicap prosecution). The Commonwealth included in its notice of appeal a certification that the May 6, 2016 order, granting Johnson's motion to suppress, "will terminate or substantially handicap the prosecution of this criminal offense."  Rule 311(d) Certification, 6/2/16.

a traffic stop of [Johnson's] vehicle after witnessing the vehicle cross over the fog line three (3) times and [drive] on the dotted line two (2) times. Trooper Kaczor also clocked [Johnson's] vehicle traveling 70 miles per hour in a 55 mile[] per hour zone. The trooper approached [Johnson's] vehicle and directed him to roll down his window. As [Johnson] rolled down the driver's side window, Trooper Kaczor detected an odor of burnt marijuana. Subsequently, after checking [Johnson's] registration and based upon his observations, the trooper directed [Johnson] out of the vehicle. Trooper Kaczor asked [Johnson] to submit to the standard field sobriety testing. After exiting his vehicle, [Johnson] staggered back towards the vehicle. While administering the field sobriety test, Trooper Kaczor observed [Johnson's] pupils as dilated and the corners of his eyes to be bloodshot. [Johnson] became uncooperative and refused to finish the tests. [Johnson] indicated he would be unable to perform the test due to being cold and asked if he could obtain sweatpants from inside his vehicle. His request was denied. [Johnson] tried to pull a cell phone from his pocket after being told to stop. At that point, [Johnson] was restrained, placed under arrest, and placed in the back of the patrol unit. [Johnson's] vehicle was searched and a brown burnt cigar was found in an ashtray in the driver side door. Trooper Kaczor stated the burnt cigar smelled like burnt marijuana. Also, in the middle console beside the driver seat, a clear plastic bag of green leafy substance was found in an open Backwoods container with three (3) cigars inside. While being transported to York County Central Booking, [Johnson] related that he had drunk a few beers while bowling that night.

Trial Court Opinion, 5/6/16, at 1-2.

Johnson was charged with possession of a small amount of marijuana for personal use,[2] possession of drug paraphernalia,[3] driving under the

---

[2] 35 P.S. 780-113(a)(31)(i).

[3] 35 P.S. 780-113(a)(32).

influence (DUI)-controlled substance (schedule I), 2nd offense,[4] DUI-controlled substance (schedule I, II, or III), 2nd offense,[5] DUI-alcohol or controlled substance,[6] disorderly conduct,[7] driving on roadways laned for traffic,[8] exceeding maximum speed limits[9], and DUI-alcohol or controlled substance-general impairment.[10]

Johnson filed an omnibus pretrial motion. Following a suppression hearing, the Honorable Maria Musti Cook entered an order granting Johnson's motion to suppress. The Commonwealth appealed, and now presents three issues for our review:

> 1. Did the lower court err in granting [Johnson's] motion to suppress on the basis of a stop not supported by reasonable suspicion where [Johnson] failed to raise this issue in his omnibus pretrial motion with specificity and particularity as required by Pa.R.Crim.P. 581(D)?
>
> 2. Did the lower court err in granting [Johnson's] motion to suppress on the basis of a stop not supported by reasonable suspicion where the trooper had probable cause to effectuate a traffic stop where the trooper

---

[4] 75 Pa.C.S.A. § 3802(d)(1)(i).

[5] 75 Pa.C.S.A. § 3802(d)(1)(iii).

[6] 75 Pa.C.S.A. § 3802(d)(3).

[7] 18 Pa.C.S.A. § 5503(a)(4).

[8] 75 Pa.C.S.A. § 3309(1).

[9] 75 Pa.C.S.A. § 3362(a)(2).

[10] 75 Pa.C.S.A. § 3802(a)(1).

observed [Johnson's] vehicle cross over the roadway lines multiple times and where [Johnson] was driving at a rate of speed of 70 miles per hour in a 55 mile[-]per[-]hour zone?

3. Did sufficient probable cause exist to arrest [Johnson] for DUI where the trooper smelled burnt marijuana emanating from [Johnson's] car, [Johnson] was the sole occupant of the vehicle, and [Johnson] displayed other classic indicia of impairment?

Commonwealth's Brief, at 4.

When reviewing an order granting a defendant's motion to suppress, we must determine "whether the record supports the trial court's factual findings and whether the legal conclusions drawn therefrom are free from error." *Commonwealth v. McClease*, 750 A.2d 320, 323 (Pa. Super. 2000).

In conducting our review, we may only examine the evidence introduced by [Johnson] along with any evidence introduced by the Commonwealth which remains uncontradicted. Our scope of review over the suppression court's factual findings is limited in that if these findings are supported by the record we are bound by them. Our scope of review over the suppression court's legal conclusions, however, is plenary.

*Commonwealth v. Gutierrez*, 36 A.3d 1104, 1107 (Pa. Super. 2012) (citation omitted).

When determining whether reasonable suspicion or probable cause is required to make a vehicle stop, the nature of the violation has to be considered. If it is not necessary to stop the vehicle to establish that a violation of the Vehicle Code has occurred, an officer must possess probable cause to stop the vehicle. Where a violation is suspected, but a stop is necessary to further investigate whether a violation has occurred, an officer need only possess reasonable suspicion to make the stop.

- 4 -

> Illustrative of these two standards are stops for speeding and DUI. *If a vehicle is stopped for speeding, the officer must possess probable cause to stop the vehicle. This is so because when a vehicle is stopped, nothing more can be determined as to the speed of the vehicle when it was observed while traveling upon a highway. On the other hand, if an officer possesses sufficient knowledge based upon behavior suggestive of DUI, the officer may stop the vehicle upon reasonable suspicion of a Vehicle Code violation, since a stop would provide the officer the needed opportunity to investigate further if the driver was operating under the influence of alcohol or a controlled substance.*

**Commonwealth v. Salter**, 121 A.3d 987, 993 (Pa. Super. 2015) (emphasis added).

The Commonwealth first argues that Johnson waived his claim challenging the legality of the traffic stop, asserting that Johnson's omnibus pretrial motion did not comply with Pennsylvania Rule of Criminal Procedure 581(D). The Commonwealth contends the suppression court, therefore, should not have reviewed the suppression claim.

Rule 581(D) provides that a motion for suppression of evidence "shall state specifically and with particularity the evidence sought to be suppressed, the grounds for suppression, and the facts and events in support thereof." Pa.R.Crim.P. 581(D). Johnson's omnibus pretrial motion sets forth the facts leading up to the stop, Johnson's interaction with Trooper Kazcor, and the evidence Johnson sought to be suppressed and the grounds therefor. **See** Omnibus Pretrial Motion 4/13/16, at ¶¶ 1-15. We find no merit to the Commonwealth's position that appellant waived this claim.

- 5 -

In its next two issues, the Commonwealth argues the suppression court erred in granting Johnson's motion to suppress and in finding Trooper Kaczor had neither reasonable suspicion nor probable cause to stop Johnson. Our review of the record reveals that Trooper Kaczor stopped Johnson's vehicle due to an alleged violation of driving on a roadway laned for traffic and for exceeding the posted speed limit.  Neither of these violations of the Vehicle Code required further investigation.  Accordingly, in order to effectuate a legal stop of Johnson's  vehicle, Trooper Kaczor needed probable cause.  **See Commonwealth v. Busser**, 56 A.3d 419 (Pa. Super. 2012); **see also Commonwealth v. Feczko**, 10 A.3d 1285, 1291 (Pa. Super. 2010) (en banc) (where police officer stopped defendant's vehicle solely based on defendant's failure to maintain single lane in accordance with 75 Pa.C.S.A. § 3309, vehicle stop could be constitutionally valid only if officer could "articulate specific facts possessed by him, at the time of the questioned stop, which would provide probable cause to believe that the vehicle or the driver was in violation of some provision of the [Vehicle] Code.").

In determining whether Trooper Kaczor had probable cause, courts look to the totality of the circumstances as viewed through the eyes of a reasonable police officer guided by experience and training. **Commonwealth v. Wells**, 916 A.2d 1192 (Pa. Super. 2007); **see also Commonwealth v. Thompson**, 985 A.2d 928 (Pa. 2009) (holding police officer's experience is relevant factor in determining probable cause).

Pennsylvania law makes clear, however, that a police officer has probable cause to stop a motor vehicle if the officer observed a traffic code violation, even if it is a minor offense. **Commonwealth v. Chase**, 960 A.2d 108, 113 (Pa. 2008).

At the suppression hearing, Trooper Kaczor testified that he observed a gray Acura "cross over the lines, the roadway lines, multiple times[.]" N.T. Suppression Hearing, 5/4/16, at 6. While following Johnson's car for about four miles, he "clocked it with [his] patrol unit, which is certified, going 70 in a 55 mile[] per hour zone." **Id.** At that point, he and Trooper Kabacinski, who was riding with him, decided to initiate a traffic stop. **Id.** When questioned on cross-examination, however, Trooper Kaczor acknowledged that he had nothing to prove that his speedometer was actually certified. **Id.** at 11.

Trooper Kaczor could not recall how far Johnson's wheels went over the fog line. **Id.** at 14. He could not recall whether Johnson's wheels were straddling the line. **Id.** at 14. When asked whether Johnson's wheels were over the center dotted line or just touching it, Trooper Kaczor stated he "believe[d] they were slightly over[,]" but could not recall if that was the case both times. **Id.**

The court viewed the dash cam video and determined that it did not bear out the trooper's testimony. Trial Court Opinion, 5/6/16, at 5. The court observed that Trooper Kaczor "did not activate his lights to initiate a stop shortly after observing [Johnson] exceed the speed limit[.]" **Id.** at 4.

The court also considered that Trooper Kaczor had recently graduated from the State Police Academy, and he had been patrolling for approximately three months prior to stopping Johnson's vehicle. Trooper Kaczor testified that this was his first DUI stop that was drug related. *Id.* at 13.

Our review of the record, the trooper's equivocal testimony, and the dash cam video, support the suppression court's findings. ***Gutierrez, supra***. In light of these facts, we are constrained to conclude that Trooper Kaczor did not possess the requisite probable cause to stop Johnson's vehicle for a speeding violation under 75 Pa.C.S.A. § 3362(a)(2), or violation of driving on roadways laned for traffic under 75 Pa.C.S.A. § 3362(a)(2). The trial court, therefore, properly granted Johnson's motion to suppress.

Order affirmed

DUBOW, J., joins this Memorandum.

STABILE, J., files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/2/2017

- 8 -