J-A01013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TADARRELL KENY JONES JR., | : | No. 1618 EDA 2017 |
| | : | |
| Appellee | : | |

Appeal from the Order April 28, 2017
In the Court of Common Pleas of Montgomery County Criminal Division at
No(s):  CP-46-CR-0004300-2016

BEFORE:   LAZARUS, J., OTT, J., and PLATT*, J.

MEMORANDUM BY LAZARUS, J.:                **FILED FEBRUARY 27, 2018**

The Commonwealth of Pennsylvania appeals from the order, entered in the Court of Common Pleas of Montgomery County, granting Tadarrell Keny Jones Jr.'s ("Jones") pretrial motion to suppress.  After our review, we conclude that Officer Andrew Licwinko did not possess reasonable suspicion, based on specific and articulable facts, that Jones was potentially committing a crime.  Therefore, we affirm the suppression court's order.

Jones was arrested on May 12, 2016, and charged with two counts of possession with intent to distribute,[1] two counts of conspiracy-possession with

---

[1] 35 P.S. § 780-113(a)(30).

---

*   Retired Senior Judge assigned to the Superior Court.

intent to distribute,[2] one count of resisting arrest,[3] four counts of possession,[4] four counts of conspiracy-possession,[5] one count of possession of a small amount of marijuana,[6] one count of conspiracy-possession of a small amount of marijuana,[7] three counts of drug paraphernalia,[8] and three counts of conspiracy-drug paraphernalia.[9]  These charges arose from the stop of a vehicle in which Jones was a passenger, and the subsequent search of Jones where Officer Licwinko uncovered marijuana and drug paraphernalia.

On April 28, 2017, a hearing was held on Jones' omnibus pretrial motion. The suppression court granted Jones' motion to suppress, concluding there were no articulable facts that would lead Officer Licwinko to believe a crime was afoot.  The Commonwealth filed a timely notice of appeal on May 22, 2017.

---

[2] 18 Pa.C.S. § 903.

[3] 18 Pa.C.S. § 5104.

[4] 35 P.S. § 780-113(a)(16).

[5] 18 Pa.C.S. § 903.

[6] 35 P.S. § 780-113(a)(31).

[7] 18 Pa.C.S. § 903.

[8] 35 P.S. § 780-113(a)(32).

[9] 18 Pa.C.S. § 903.

On appeal,[10] the Commonwealth raises one issue for review:

> Did the suppression court erroneously grant suppression when it held that the officer lacked reasonable suspicion to stop a car in which he reasonably believed that a drug deal was happening, based on his years of drug-enforcement experience in that specific area?

Commonwealth's brief, at 4.

> When reviewing an order granting a motion to suppress we are required to determine whether the record supports the suppression court's factual findings and whether the legal conclusions drawn by the suppression court from those findings are accurate. In conducting our review, we may only examine the evidence introduced by appellee along with any evidence introduced by the Commonwealth which remains uncontradicted. Our scope of review over the suppression courts factual findings is limited in that if these findings are supported by the record we are bound by them. Our scope of review over the suppression court's legal conclusions, however, is plenary.

*Commonwealth v. Gutierrez*, 36 A.3d 1104, 1107 (Pa. Super. 2012) (quoting *Commonwealth v. Henry*, 943 A.2d 967, 969 (Pa. Super. 2008)).

Officer Licwinko, a police officer for Pottstown Police Department, was patrolling in the area of Washington and Chestnut Streets on the evening of May 12, 2016.  At approximately 4:15 p.m., Officer Licwinko observed a dark blue SUV in an intersection known as a high-crime, high-drug area. N.T. Suppression Hearing 4/28/17, at 8. He witnessed Jones enter the passenger

---

[10] Pennsylvania Rule of Appellate Procedure 311(d) permits the Commonwealth in a criminal case to appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution. *Commonwealth v. Whitlock*, 69 A.sd 635, 636 n.2 (Pa. Super. 2013).  Here, the Commonwealth made that certification.

seat of the SUV, and the vehicle driving in a circle around the block, through one-way streets, going in the proper direction, and returning about a block away from where the vehicle had started. Officer Licwinko stopped the vehicle; however, he acknowledged that he witnessed no violations of the Motor Vehicle Code. *Id*. at 14-15.

During the stop, Jones fled from the vehicle. Once Jones was in custody, Officer Licwinko conducted a search and found marijuana and drug paraphernalia on his person.

Officer Licwinko testified at the suppression hearing:

Q. Now officer, just so we're clear, the mere fact that the defendant got into the vehicle and [the car then] drove away, was that anything that gave you alarm or made you think about it?

A. No, not at all.

Q. Okay. What, then, did you ultimately think about as you describe how this vehicle drove in a circle?

A. As being on the Unit, we conduct undercover control buys, and it's very common for a drug dealer to get into the vehicle of a drug user and circle the block to not be detected by police.

N.T. Suppression Hearing 4/28/17, at 12.

Officer Licwinko also testified that he had witnessed this type of behavior approximately two dozen times in the past, and it led him to believe that Jones' entering the vehicle and circling the block was a drug deal. *Id*. at 13. Officer Licwinko also stated that he did not observe a hand-to-hand transaction or similar behavior before he made the stop. *Id*. at 16.

The Commonwealth argues that the suppression court erred in concluding that Officer Licwinko lacked reasonable suspicion to stop the vehicle he believed was part of a drug deal based on his experience as an officer. We disagree.

First, we note that the suppression court correctly determined that the stop of the vehicle was an investigative detention and that to initiate a traffic stop, the officer required reasonable suspicion of either criminal activity or a violation of the Motor Vehicle Code. *See* 75 Pa.C.S. § 6308. To establish whether Officer Licwinko had reasonable suspicion to stop the vehicle, Officer Licwinko must be able "to point to specific and articulable facts and reasonable inferences drawn from those facts in light of the officer's experience" that criminality was afoot. *Commonwealth v. Cook*, 735 A.2d 673, 677 (1999) (citing *Commonwealth v. Jackson*, 698 A.2d 571, 537 (1997). *See Terry v. Ohio*, 392 U.S. 1, 27 (1968). Furthermore,

> [T]he totality of the circumstances – the whole picture – must be taken into account. Based upon that whole picture the detaining officers must have a particularized and objective basis for suspecting the particular person stopped of criminal activity.

*United States v. Cortez*, 449 U.S. 411, 417-418 (1981).

Here, the issue before us is whether Officer Licwinko had reasonable suspicion to stop the vehicle because of his belief, based on his prior experience in drug enforcement, that a drug deal was occurring or had occurred. Although Officer Licwinko had witnessed drug deals in the past that would take place in a moving vehicle, here there was no other indication, such

as a hand-to-hand transaction or other suspicious behavior, that a drug deal had occurred. *See Commonwealth v. Wilson*, 655 A.2d 557, 560 (Pa Super. 1995) (holding where defendant exited vehicle twice in neighborhood of high drug activity and disappeared from sight both times and where police did not witness exchange of objects or money, no reasonable suspicion to stop vehicle; innocent behavior that vehicle exhibited in a high-crime area, before stop, cannot establish reasonable suspicion).

Notably, Officer Licwinko testified that there was no other reason to pull over the vehicle; he testified that he did not pull over the vehicle for the reckless turn he witnessed or for any other violation of the Motor Vehicle Code. Nor did he witness any other activity that would lead him to believe a drug deal was occurring. Officer Licwinko pulled over the vehicle based on his experience in drug enforcement and a hunch that criminal activity was occurring. *See Terry*, 392 U.S. at 27 (stating that an "unparticularized suspicion" or a "hunch" is not sufficient to establish that an officer acted reasonably); *Commonwealth v. Bennett*, 827 A.2d 469, 478 (Pa. Super. 2003) (mere hunches on part of officer are insufficient to establish reasonable grounds for suspicion). *See also Commonwealth v. Greber*, 385 A.2d 1313, 1316 (Pa. 1978) (where officer assumed criminal conduct was occurring and conducted stop when he witnessed defendant riding in car, stopping at bowling alley, and exchanging bag with another person, court held no

reasonable suspicion; innocent activity in high crime area insufficient to support reasonable suspicion).

Under the totality of the circumstances, we conclude that Officer Licwinko failed to point to specific and articulable facts that would lead to a reasonable suspicion that a drug deal was occurring. The suppression court, therefore, properly granted Jones' motion to suppress.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/27/18